BERTIE WIGGINS, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Opinion filed April 28, 1931.

*Watt Lawler,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

JOHNSON, Circuit Judge:

At the fall term of the Circuit Court in and for Hendry County, 1930, the plaintiff in error, Bertie Wiggins, was tried and convicted on an indictment charging her with having unlawfully sold intoxicating liquors to an Indian. She was sentenced to pay a fine of five hundred dollars or be confined in the county jail for six months. Before going to trial the defendant, Bertie Wiggins, filed a motion "to quash the venire of jurymen now present in court, and from which the jury to try this cause is to be drawn." It is not necessary to quote the motion to quash in full. The substance of the motion is "That the list of jurymen as prepared by the county commissioners, from which list this jury was drawn, did not contain the amount of names of jurors as is by law required, or have or contain thereon a proper certificate that additional jurors could not be obtained."

Attached to this motion to quash the venire is a certified copy of the record of the list of jurors as appears in

the minutes of the Board of County Commissioners at their meeting January 7th, 1930. The list contains one hundred and eighty-four names.

Attached to the list of jurors there is an affidavit, which it appears was signed and sworn to by each member of the Board of County Commissioners. Leaving off the formal parts the affidavit recites: "that as members of the Board of County Commissioners in and for said county, they personally selected and made out the foregoing list of names of persons qualified to serve as jurors in said county, and that affiants know, or have good reason to believe, that each of the persons whose names appear in the said list is a law abiding citizen of approved integrity, good character, sound judgment and intelligence, not physically or mentally infirm, and is otherwise qualified under the law to serve as a juror, and that said list contains all the names so qualified as far as affiants know and are able to ascertain." Other than this certified copy of the record of the list of jurors, and the affidavit of the county commissioners thereto, there is no evidence or showing in support of said motion to quash. The trial court overruled this motion to quash the venire, which ruling of the court is made the basis of the only assignment of error presented to this court.

This Court, in the case of ENGLISH v. STATE, 31 Fla. 340, in dealing with a similar question, said: "We must presume that the County Commissioners performed their duty in selecting the number of 248 names as a jury list, in the absence of any showing that they abused the discretionary powers conferred upon them by the statute." The statute provides that if the County Commissioners shall not be able to select the number required by the statute, they shall be authorized to select a less number. Section 4444 (2772) C.G.L.

This Court, in the case of REEVES V. STATE, 29 Fla. 527, in dealing with a similar question, held:

"The statute has delegated to this board the authority to pass upon such qualifications of persons to be selected as jurors, and in the absence of an illegal purpose, fraud or corruption in the selection of the jury list, we think the discretionary powers of the Commissioners in such matters cannot be set aside...... It is the judgment of the County Commissioners, in the absence of fraud or corruption, that controls in such matters and their determination shall not be set aside by the opinion of others, that a large number of persons could have been selected who are possessed of the requisite qualifications."

Judgment of the lower court is affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.